IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-30110
Summary Calendar

_____


HOMER GRIFFIN,

                                        Plaintiff-Appellant,

                    versus

CITY OF LAFAYETTE, ET AL.,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 96-CV-125
_____

December 14, 1998

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

     Homer Griffin appeals the dismissal of his civil rights claims

against the City of Lafayette (the "City") after a bench trial.  On

appeal from a bench trial, this court reviews the district court's

findings of fact for clear error and its conclusions of law de

novo.  Fed. R. Civ. P. 52(a); see Price v. Austin Indep. Sch.

Dist., 945 F.2d 1307, 1312 (5th Cir. 1991).  The district court's

credibility determinations receive particular deference when it

sits as the trier of fact.  See Kendall v. Block, 821 F.2d 1142,

     [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1146 (5th Cir. 1987); FED. R. CIV. P. 52(a).

Griffin's first argument is that the trial court erred in finding that he had not demonstrated deliberate indifference on the part of the City through the Lafayette Police Department ("LPD") in maintaining a policy of taking injured arrestees to the hospital without booking them and without providing precautions to ensure that those arrestees appear before judges under statutory time limits. In Louisiana, an arrestee must appear before a judge within seventy-two hours for appointment of counsel and a potential bail setting. LA. CODE CRIM. PROC. art. 230.1(A) (West 1991). A failure to do so results in the immediate release of the prisoner. LA. CODE CRIM. PROC. art. 230.1(C). The fact that Griffin was kept shackled to a hospital bed under guard for thirteen days without being permitted to have visitors other than an attorney pursuant to LPD should be sufficient, according to Griffin, to indicate deliberate indifference and a violation of his constitutional rights.

"To establish county/municipality liability under § 1983 . . . a plaintiff must demonstrate a policy or custom which caused the constitutional deprivation." Colle v. Brazos County, Tex., 981 F.2d 237, 244 (5th Cir. 1993) (citation omitted). The plaintiff must prove that the policy in and of itself violates constitutional rights, that the policy evidences a "deliberate indifference" to constitutional rights, or that the municipality has a custom of depriving persons of their constitutional rights. Monell v.

2

Department of Soc. Servs., 436 U.S. 658, 690-95 (1978).  The "deliberate indifference" requirement permits courts to separate omissions that "amount to an intentional choice" from those that are merely "Unintentionally negligent oversight[s]."  Rhyne v. Henderson County, 973 F.2d 386, 392 (5th Cir. 1992).  "Only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983 . . . ."  City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989).  "Isolated instances . . . are inadequate to prove knowledge and acquiescence by policymakers."  McConney v. City of Houston, 863 F.2d 1180, 1184 (5th Cir. 1989).

Both sides concede that Griffin showed the violation of a constitutionally protected liberty interest, although the district court did not specifically make that finding.  For the purposes of this appeal, we presume without deciding that LA. CODE CRIM. PROC. art. 230.1 creates a liberty interest actionable under 42 U.S.C. § 1983.  In considering whether the "deliberate indifference" standard had been met, the district court noted that a violation of constitutional rights had not occurred by following this policy from its inception in 1984 until Griffin's injury in 1995.  The court also found that once the potential for problems was revealed, the LPD altered its policy for booking injured arrestees and tracking them for court hearings.  No evidence was adduced to

indicate that the potential for constitutional violations was known before Griffin's extended hospital stay, and contrary to Griffin's arguments, the General Order setting forth the policy does not on its face mandate a violation of art. 230.1.  Although Griffin argues that the trial court erred in requiring him to produce evidence of prior occurrences, a case he relies upon in support of his claim used similar evidence to uphold a jury finding of deliberate indifference.  Oviatt By and Through Waugh v. Pearce, 954 F.2d 1470, 1476 (9th Cir. 1992).  After a review of the record and the applicable law, we cannot say that the trial court's failure to find deliberate indifference was clearly erroneous.

Griffin also challenges the trial court's findings that he was not entitled to state law damages for his incarceration beyond seventy-two hours without a hearing.  The trial court found that the City was not negligent, and this finding was not challenged on appeal and is therefore waived.  See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).  Louisiana does permit damage awards for a failure to release an arrestee after seventy-two hours if no hearing has been held.  Carlton v. Foti, 660 So. 2d 76, 78 (La. Ct. App. 1995).  However, these awards cannot be granted unless it is proved that the defendant was negligent.  Id. at 78-79.  Because the trial court held that the City was not negligent, it did not err as a matter of state law in refusing to award damages to Griffin.

The judgment of the trial court is

4

A F F I R M E D.